UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**WALTER W. KIMBREW**                                                                                     **PLAINTIFF**

**v.**                                    **CIVIL ACTION NO. 4:08CV-47-M**

**OWENSBORO POLICE DEPARTMENT** *et al.*                          **DEFENDANTS**

**MEMORANDUM OPINION**

This matter is before the Court for *sua sponte* screening of the *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss the complaint.

**I. SUMMARY OF CLAIMS**

Plaintiff, a resident of Evansville, Indiana, initiated this civil rights action pursuant to 42 U.S.C. § 1983 against: the Owensboro Police Department, the Daviess County Detention Center, Daviess County Detention Center Medical Staff, the State of Kentucky, J's Liquor, Officer Harper, Officer Payne, Officer Moran, Officer Ballard, and Troy Stallings. J's Liquor and Troy Stallings are sued in their individual and official capacities. The remainder of the defendants are sued only in their official capacities. Plaintiff is seeking money damages and injunctive relief in the form of a request that the Court vacate his criminal sentence.

According to Plaintiff, on August 31, 2007, Officers Harper, Moran, Payne, and Ballard arrested Plaintiff at J's Liquor Store without probable cause. Plaintiff claims the "unlawful arrest" led to a charge of robbery in the first degree and "undue punishment." Prior to the arrest, Plaintiff states that "he was followed outside J's Liquor Store by Troy Stallings and was attacked and punched." Thereafter, Plaintiff claims he was placed in the Daviess County Detention Center with an "excessive bail." Plaintiff also alleges that he was "denied a phone call, as well as medical attention . . . [and] any bond reduction." He also states that he was put in "lock down" for filing a

complaint.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, -- U.S. -- , 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16,

19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

**A.      Official Capacity Claims Against County Defendants**

As previously noted, with the exception of Troy Stallings and J's Liquor Plaintiff has alleged only official capacity claims against Defendants.  If an action for monetary damages is brought against an official of a governmental entity in his "official capacity," the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  Therefore, in the case at bar, Plaintiff's official capacity claims against Defendants are actually brought against Daviess County.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992).  Because the Court concludes that Plaintiff has not alleged facts sufficient to demonstrate that Daviess County is responsible for the alleged violations, the Court will dismiss the claims without analyzing the first prong.

"A plaintiff seeking to hold a municipality liable under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997).  "Locating a 'policy' ensures that a municipality is held liable

only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Id.* at 403-04. "Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Id.* at 404. "Beyond having to identify 'conduct properly attributable to the municipality itself,'" *Cherrington v. Skeeter*, 344 F.3d 631, 645 (6th Cir. 2003) (quoting *Bd. of County Comm'rs of Bryan County*, 520 U.S. at 404), a plaintiff "must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged." *Cherrington*, 344 F.3d at 645 (quoting *Bd. of County Comm'rs of Bryan County*, 520 U.S. at 404) (internal quotation marks omitted).

Plaintiff has failed to allege that any of the Defendants acted according to a policy or custom. Furthermore, Plaintiff cannot hold Daviess County liable for the acts of individuals based on *respondeat superior* liability. *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999). Merely having the right to control employees or being aware of the misconduct is insufficient to establish liability. *Leary v. Daeschner*, 228 F.3d 729, 740 (6th Cir. 2000). As such, Plaintiff's official capacity claims will be dismissed for failure to state a claim.

**B.       Official Capacity Claims Against State**

A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Because the Commonwealth of Kentucky is not a person under the Act, the Court will dismiss the claims against it for failure to state a claim upon which relief may be granted. Additionally, the

Eleventh Amendment[1] acts as a bar to all claims for relief against the state. A state and its agencies, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 78l, 782 (l978). In enacting § l983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d l88 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332 (l979)). Accordingly, the Court will also dismiss all claims against the state for lack of subject matter jurisdiction.

**B.     Individual Capacity Claims Against J's Liquor and Troy Stallings**

"Section 1983 is not itself a source of substantive rights." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). In order to recover under § 1983, a plaintiff must show the deprivation of a federal right through conduct which is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). That is, "the party charged with the deprivation must be a person who . . . . is a state official, [or who] has acted together with or has obtained significant aid from state officials, or [whose] conduct is otherwise chargeable to the State." *Id.* Without such a limit, "private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them." *Id.* In the course of his employment for J's Liquor, Defendant Stallings detained Plaintiff and then called the police to report a possible crime.

---

[1]The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

"An individual does not act under color of law merely by reporting an alleged crime to police officers who take action thereon.  Nor does the making of a citizen's arrest constitute acting under color of law for 1983." *Jones v. Wal-Mart Stores*, No. No. 93-5240,1994 U.S. App. LEXIS 19139 (10th Cir. Okla. July 27, 1994); *see also Momah v. Denny's, Inc.*, No. 04-64-C, 2005 U.S. Dist. LEXIS 11760 (W.D. Ky. June 10, 2005).  As such, the Court will dismiss Plaintiff's claims against these defendants.

## C. Injunctive Relief Claim

Finally, the Court notes that to the extent Plaintiff seeks to have his sentence vacated, he must file a habeas action pursuant to 28 U.S.C. § 2254.  Such relief is not available under 42 U.S.C. § 1983.

The Court will enter an Order of dismissal consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        Defendants
44414.008